**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| NAIN ARDON, ) | |
| Plaintiff, ) | No. 22-562 |
| v. ) | Filed: January 6, 2026 |
| THE UNITED STATES, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

  Plaintiff Nain Ardon, a correctional officer at a federal correctional facility operated by the Bureau of Prisons ("BOP"), brings this Fair Labor Standards Act ("FLSA") collective action alleging that the BOP failed to compensate him and similarly situated correctional officers for time engaged in required pre- and post-shift activities related to perimeter patrol posts. Since the Court conditionally certified this collective action, approximately 5,500 correctional officers have filed opt-in notices. The parties have filed a Joint Discovery Plan in which they agree to conduct representative discovery on the liability claims of 20 Sample Plaintiffs from 10 Sample Institutions. The parties disagree, however, on the method of selecting the Sample Institutions and whether limitations beyond the Rules of the United States Court of Federal Claims ("RCFC") should be imposed on either depositions or written discovery of the Sample Plaintiffs. For the following reasons, the Court **ORDERS** that each party shall select five Sample Institutions, and that depositions and written discovery of the Sample Plaintiffs shall be conducted pursuant to the RCFC.

## I.  BACKGROUND

On October 29, 2024, following targeted discovery, the Court conditionally certified a collective action consisting of "current and former correctional officers who worked a perimeter patrol post in the position of 'mobile patrol officer'" during the period starting three years prior to the filing of the Complaint to the present.  Op. and Order at 1, ECF No. 53.  On November 19, 2025, the parties filed a Joint Discovery Plan agreeing that: (1) representative discovery will be conducted on 20 Sample Plaintiffs from 10 Sample Institutions and discovery for the remaining approximately 5,480 Plaintiffs will be stayed; (2) each party will select one Sample Plaintiff from each Sample Institution; (3) each Sample Plaintiff may be deposed, "as well as one or more supervisors of each Sample Plaintiff, without regard to the limitation on the number of depositions allowed by RCFC 30"; and (4) written discovery under RCFC 33 and RCFC 34 will be permitted.  Joint Disc. Plan at 2–3, ECF No. 80.  The parties disagree, however, on the method of selecting the Sample Institutions and limitations on discovery of the Sample Plaintiffs.  *Id.*  Plaintiffs propose that: (1) the Sample Institutions be selected at random; (2) depositions of each Sample Plaintiff be limited to one-and-a-half hours; and (3) written discovery be limited to five requests for production and five interrogatories for each Sample Plaintiff.  *See* Pl.'s Br. Supp. Pl.'s Disc. Plan at 2, ECF No. 82.  The Government proposes that each party select five of the 10 Sample Institutions and depositions and written discovery of the Sample Plaintiffs be conducted pursuant to the RCFC.  *See* Def.'s Br. Joint Disc. Plan at 1, 3, 5, ECF No. 83.  On December 3, 2025, each party submitted a brief in support of their respective positions.  *See* ECF No. 82; ECF No. 83.

## II.  LEGAL STANDARDS

Although the RCFC provide presumptive limits on discovery, *see* RCFC 30(d)(1); RCFC 33(a)(1), a court may alter these limits upon a showing of good cause.  RCFC 26(b)(2)(A).  "It is

2

'axiomatic that a trial court has broad discretion to fashion discovery orders[.]'" *Lakeland Partners, L.L.C. v. United States*, 88 Fed. Cl. 124, 130 (2009) (quoting *White Mountain Apache Tribe of Ariz. v. United States*, 4 Cl. Ct. 575, 583 (1984)); *see also Florsheim Shoe Co., Div. of Interco, Inc. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court.").

### III.  DISCUSSION

**A.  Each Party Shall Select Five of the 10 Sample Institutions.**

Selection of five of the 10 Sample Institutions by each party will enable each party to fairly and equally pursue its legal theory. Permitting the Government to select five Sample Institutions will ensure the Government can use discovery to probe differences between institutions. If the Government, for example, contends that the characteristics of the institutions fall into several different categories, ECF No. 83 at 1–2 (noting "size and layout" as relevant differences between institutions), then allowing the Government to select five of the 10 Sample Institutions will ensure greater inclusion of Sample Institutions representative of those categories. *See Johnson v. Int'l Steel & Counterweights LLC*, No. 4:20-CV-2584, 2021 WL 5359198, at *7 (N.D. Ohio Nov. 17, 2021) (allowing the defendant to determine criteria for selecting sample plaintiffs for depositions where plaintiffs performed duties falling into 12 different job categories). Plaintiffs will likewise be allowed the same opportunity to select Sample Institutions that best support their claims. Because Plaintiffs assert that differences between institutions are not relevant to their claims, *see* Pl.'s Reply Supp. Mot. Conditional Certification at 21, ECF No. 41, the method of selection of the Sample Institutions should not prejudice their ability to pursue their legal theory.

Moreover, the parties agree that each party will select one Sample Plaintiff from each Sample Institution, and Plaintiffs do not offer any compelling reason for selecting the Sample

Institutions differently than the Sample Plaintiffs. At most, Plaintiffs argue that "courts have approved of random selection as the proper method for representative discovery." ECF No. 82 at 5 (citing *Craig v. Rite Aid Corp.*, No. 4:08-CV-2317, 2011 WL 9686065, at *5 (M.D. Pa. Feb. 7, 2011)). But the court in *Craig* was not deciding between random selection and targeted selection by the parties. Instead, it was faced with choosing between the defendant's proposed "pilot study" methodology based on "statistically significant sampling" and plaintiff's proposed random selection. 2011 WL 9686065, at *5. Other cases cited by Plaintiffs involve selection by the parties. *See Elliott v. Schlumberger Tech. Corp.*, No. 3:13-CV-00079, slip op. at 8 (D.N.D. June 10, 2015), ECF No. 131 (ordering that the defendant may select the sample plaintiffs to be deposed); *Moore v. Consol Energy, Inc.*, No. 2:23-CV-01991, slip op. at 4 (W.D. Pa. May 5, 2025), ECF No. 121 (ordering that 10 sample plaintiffs shall be selected by each party and 10 shall be selected at random). While random selection may sometimes be appropriate, the Court does not find it to be so here.

Finally, although the parties selected institutions at random to conduct targeted discovery for purposes of conditional certification, there is good reason to depart from that method for the present purposes. Given the streamlined nature of the targeted discovery at the conditional certification phase, *see Valte v. United States*, 155 Fed. Cl. 561, 567 (2021) (explaining the two-step approach for managing FLSA collective actions), it was sensible for the parties to select institutions at random. Now that the parties are engaging in discovery on the merits with a narrower set of Sample Institutions, it is reasonable for the parties to incur the time and effort involved in selecting a smaller number of Sample Institutions that best support their legal theories.

B.  **Sample Plaintiff Depositions Shall Be Conducted Pursuant to RCFC 30.**

Under RCFC 30(d)(1), "a deposition is limited to 1 day of 7 hours." Plaintiffs have not established good cause for further limiting Sample Plaintiff depositions. Plaintiffs' primary argument is the policy of efficient resolution underlying the FLSA. *See* ECF No. 82 at 6–7. This policy, however, is already effectuated by proceeding with representative discovery of 20 Sample Plaintiffs out of approximately 5,500 Plaintiffs. Moreover, Plaintiffs' reliance on the FLSA's policy goals is undermined by the fact that similar limitations are not imposed on depositions Plaintiffs intend to take of the Government's employees. Rather, the parties agree to depositions of "one or more supervisors of each Sample Plaintiff, without regard to the limitation on the number of depositions allotted per party" by RCFC 30. ECF No. 80 at 2. The Court finds that the policy of efficient resolution is adequately effectuated by limiting representative discovery to 20 Sample Plaintiffs.

C.  **Written Discovery of Sample Plaintiffs Shall Be Conducted Pursuant to RCFC 33 and RCFC 34.**

For the same reasons, the Court finds that Plaintiffs have not established good cause for further limiting written discovery of Sample Plaintiffs. RCFC 33(a)(1) specifies that "a party may serve on any other party no more than 25 written interrogatories." RCFC 34(a)(1) provides that a "party may serve on any other party a request" for documents "within the scope of RCFC 26(b)," which consists of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Plaintiffs argue that their proposed limitations are "fair and appropriate," ECF No. 82 at 6, but they do not attempt to state good cause.

Plaintiffs cite *Dinkel v. Medstar Health, Inc.*, No. CV 11-00998, 2013 WL 12306489 (D.D.C. Jan. 9, 2013), in support of their proposal to limit written discovery. *Id.* at 5. In *Dinkel*, the court imposed limits on the scope of discovery requests sent to *all* opt-in plaintiffs in an

5

FLSA action rather than further limiting discovery sent to a *representative sample* of plaintiffs. *See* 2013 WL 12306489, at *1. Moreover, the fact that the Government will have the opportunity to conduct discovery regarding damages at a later phase in this case does not provide good cause to further limit the Government's ability to conduct discovery regarding liability. In the context of a nationwide collective action involving approximately 5,500 Plaintiffs, the Court cannot conclude that written discovery consistent with the RCFC of 20 Sample Plaintiffs would be unduly burdensome or otherwise not proportionate to the needs of the case.

## IV.  CONCLUSION

For the foregoing reasons, the Court **ORDERS** that: (1) each party shall select five of the 10 Sample Institutions; (2) depositions of Sample Plaintiffs shall be conducted pursuant to the RCFC; and (3) written discovery of Sample Plaintiffs shall be conducted pursuant to the RCFC.

**SO ORDERED**.

Dated: January 6, 2026                             */s/ Kathryn C. Davis*
                                                   KATHRYN C. DAVIS
                                                   Judge